IN THE UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA
    Plaintiff-Appellee,

v.                                                                No. 19-4214

ROCKY DOUGLAS IDLEMAN
    Defendant-Appellant.

**PETITION FOR PANEL REHEARING AND REHEARING EN BANC**

The Appellant, Rocky Idleman, respectfully petitions this Honorable Court

for panel rehearing and rehearing *en banc* of the unpublished decision issued on

April 5, 2021. Fed. R. App. P. 35(b); Fourth Circuit Local Rule 35(a).

Statement of Purpose

Rocky Idleman is a drug addict that sold a lot of methamphetamine. Unless

this Court intervenes, he will spend the rest of his life in prison for selling drugs.

And he will spend the rest of life in prison despite the fact that a miniscule amount

of drugs were tested, he was heavily addicted to methamphetamine throughout the

conspiracy, no one else involved in his drug dealing activity received more than 135

months of incarceration, and the district court failed to consider every mitigating

argument he provided at the time of his sentencing.

This Court should grant panel rehearing, or rehearing *en banc*, in this case

because Mr. Idleman's sentence was procedurally and substantively unreasonable.

The district court failed to properly calculate the base offense level and failed to

meaningfully consider the statutory sentencing factors in Mr. Idleman's case. The

panel upheld the ruling of the district court without considering the Seventh Circuit

Court of Appeals decision in *United States v. Carnell*, 972 F.3d 932 (7th Cir. 2020).

The panel's decision also conflicts with this Court's opinion in *United States v.*

*Freeman*, --- F.3d ---, 2021 WL 1180711. Panel or *en banc* rehearing is necessary to

resolve the conflict and to address this question of exceptional importance. *See* Fed.

R. App. P. 35(b)(1)(A) & (B).

I.    **The panel failed to consider the impact of *United States v. Carnell* when upholding the district court's finding that Mr. Idleman was responsible for at least 1.5 kilograms of ice, or pure methamphetamine.**

Three grams—or .002% of the amount Mr. Idleman has been held responsible

for—of methamphetamine was laboratory tested in his case. To reach the

determination that at least 1.5 kilograms of methamphetamine was ice, rather than

a mixture, the district court relied upon witness testimony and the moniker "Ice

King." In doing so, the district court engaged in impermissible guesswork to

determine the drug amount. *See United States v. Richards*, 27 F.3d 465, 469 (10th

Cir. 1994)(quoting *United States v. Paulino*, 996 F.2d 1541, 1545 (3d Cir.1993);

*United States v. Higgins*, 282 F.3d 1261, 1280 (10th Cir. 2002).

The panel decided that "[a]lthough the amount tested was not a large

percentage of the total quantity of methamphetamine that Idleman sold, trial

testimony established the consistency of methamphetamine throughout the

duration of Idleman's narcotics dealing." Slip Op. at 5. But to say that the amount

tested was not a large percentage missed the mark—it was a negligible amount.

And in *Carnell* the Seventh Circuit addressed this very issue.

In *Carnell*, the Seventh Circuit Court of Appeals held that "the circumstantial evidence by users, dealers and law enforcement that a drug appears to be ice based on look, smell, effect, nomenclature or the like will not suffice to meet the government's burden, by a preponderance of the evidence, that a drug is at least 80% pure methamphetamine." *Carnell* at 945. The Court did not resolve "whether all of the methamphetamine attributable to a defendant must be tested, and if not, what would constitute a reliably representative sample." *Id*. at 944.

Two of the three types of evidence that the government offered have been explicitly rejected by the Seventh Circuit. And the question of whether a mere three grams of drugs is enough to deem 1.5 kilograms, or more, ice still lingers. This is a question of exceptional importance that was not addressed by the panel and should be addressed by this Court.

II.      **The failure to consider Mr. Idleman's mitigating arguments regarding unwarranted sentencing disparities and policy considerations was procedurally unreasonable.**

Mr. Idleman is serving a life sentence—he can never get out of prison unless his sentence is reversed. His conviction was upheld even though the district court failed to acknowledge key mitigating arguments. The district court was urged to consider the sentencing disparity between Mr. Idleman and other charged co-conspirators. Indeed, even the next highest sentence that was doled out to an equally culpable co-conspirator was only 135 months. Mr. Idleman's sentence also exceeded the median sentence for similar cases.

If a district court fails to consider all of the required 3553(a) factors in making its sentencing decision, it abuses its discretion. *United States v. Engle*, 592 F.3d 495, 502 (4th Cir. 2010). The panel held that though "the district court did not explicitly address Idleman's argument that his sentence created an unwarranted disparity with the sentences of his codefendants, the court explained that Idleman had a leadership role in the conspiracy and committed numerous acts of violence, circumstances that distinguished him from his codefendants." Slip. Op. at 7. The references that support the advisory guideline range do not address Mr. Idleman's arguments regarding the unwarranted disparity.

Co-conspirator Bachman also had a leadership role in the conspiracy. She received a 135-month sentence. The district court failed to explain how the physical altercations it held Mr. Idleman responsible for supported the Draconian sentencing difference. There is a huge gap between 135 months and life, and the district court failed to address this issue. Moreover, the court failed to consider the disparity among others that have received life sentences for methamphetamine dealing. "Life Sentences in the Federal System", United States Sentencing Commission, February 2015, pg. 11. And the court failed to address counsel's argument that it should reject the sentencing guideline recommendation of life for policy reasons.

The district court only focused on the aggravating factors in Mr. Idleman's case and failed to address the 3553(a) arguments that were mitigating. It was free to reject the arguments, but a failure to address them in the first instance was

erroneous. Mr. Idleman's sentence is procedurally unsound, and his case should be remanded to the lower court for resentencing.

### III. Life imprisonment is substantively unreasonable for a drug addict that was engaged in drug dealing to feed his habit, and when others that were equally culpable received no more than 135 months in custody.

For exercising his constitutional right to a trial by jury, Mr. Idleman has been sentenced to spend the remainder of his life behind bars. Neither the district court nor the government would have posited that a life sentence was reasonable had he entered a plea of guilty. But once the jury verdict was handed down, the district court ignored the directive set forth in 3553(a) to hand down a sentence that is sufficient, but not greater than necessary to meet the objectives set forth in the statute.

The totality of the circumstances known to the district court included information about Mr. Idleman's severe addiction to methamphetamine. Indeed, the record was filled with information that Mr. Idleman was a drug addict engaged in drug dealing to fuel his habit. Every single non-law enforcement witness discussed how they smoked methamphetamine with him during their drug dealing activity. But his was not addressed as a mitigating factor at his sentencing, unlike his co-conspirators. *See Freeman* at 8. In *Freeman*, this Court held that the defendant's sentence was substantively unreasonable because the district court failed to "fully consider the history and circumstances of the defendant in relation to the extreme length of her sentence." *Id.* at 7. That same error is present in Mr. Idleman's case.

A life sentence for a methamphetamine addict whose guideline calculation hinged upon unreliable testimony and the testing of a tiny amount of drugs is substantively unreasonable. Further, a failure to consider the impact of the purity-driven methamphetamine guidelines was erroneous. The life sentence is substantively unreasonable even if the addict got into fights and had harsh words with co-conspirators and witnesses. It is unreasonable when considering the sentences others equally culpable received, and when considering the median sentence for methamphetamine dealing generally. To be sure, Mr. Idleman should be punished for the crime he committed. And, perhaps the Court is comfortable adding additional punishment for a person that exercises a precious constitutional right. But life, in this case and with these facts, is substantively unreasonable.

<u>Conclusion</u>

Mr. Idleman respectfully petitions this Honorable Court for rehearing and rehearing en banc.

Respectfully submitted this 19th day of April, 2021.

> JUVAL O. SCOTT
> Federal Public Defender
> for the Western District of Virginia
>
> /s *Juval O. Scott*
> Juval O. Scott
> Assistant Federal Public Defender
> 401 E. Market Street, Suite 106
> Charlottesville, VA  22902
> (434) 220-3380

6

CERTIFICATE OF COMPLIANCE

1.      This brief of the appellant has been prepared using Microsoft Word 365

software, Century Schoolbook font, 12-point proportional type size.

2.      EXCLUSIVE of the certificate of service, this petition contains no more than

1,577 words and is compliant with Fed. R. App. P. 40(b)(1)

I understand that a material misrepresentation can result in the Court's striking

the brief and imposing sanctions.  If the Court so requests, I will provide an

electronic version of the brief and/or a copy of the word or line print-out.


04/19/2021                              Juval O. Scott
Date                                    Juval O. Scott
                                        Federal Public Defender

## CERTIFICATE OF SERVICE

This is to certify that this Petition for Rehearing was electronically filed on

April 19, 2021 and will served on all parties of record.

/s/ Juval O. Scott

Juval O. Scott